IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SOGNO RESTAURANTS, LLC d/b/a JUNIPER | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 1:26-cv-00788 |
| NEWPORT RESTAURANT GROUP, LLC d/b/a JUNIPER GTX | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Sogno Restaurants, LLC d/b/a Juniper ("Plaintiff") files this Original Complaint and

Application for Temporary Restraining Order and Preliminary Injunction against Newport Restaurant

Group, LLC d/b/a Juniper GTX ("Defendant") and would respectfully show the Court as follows:

I.
PARTIES

1.      Plaintiff Sogno Restaurants, LLC is a Texas limited liability company with its principal

office in Austin, Texas.

2.      Defendant Newport Restaurant Group, LLC is a Texas limited liability company that

may be served through its registered agent, Deborah K. Newport, at 2012 Creek Ledge Pl., Round Rock, Texas 78664.

## II.
## JURISDICTION AND VENUE

3.      This action arises under the Lanham Act, 15 U.S.C. § 1125(a).

4.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5.      The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

6.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendant conducts business here.

## III.
## FACTUAL BACKGROUND

7.      Since 2015, Plaintiff has continuously operated a well-known restaurant under the trade name "Juniper."

8.      Plaintiff filed an Assumed Name Certificate with the Texas Secretary of State on April 1, 2015, declaring its use of the name "Juniper" in all counties in Texas.

9.      Plaintiff has invested substantial resources in developing goodwill, advertising, brand recognition, and distinctive branding associated with the Juniper mark.  Through its continuous use and investment, Plaintiff has generated considerable goodwill and recognition in the Juniper mark in

Central Texas and beyond.

10.     In July 2025, Defendant opened a restaurant named "Juniper GTX."  Defendant's restaurant uses not only a name identical or confusingly similar to Plaintiff's name, but also branding, font, and logo treatments confusingly similar to Plaintiff's Juniper mark.

11.     Plaintiff notified Defendant of the infringement.  Defendant, through its attorney, acknowledged the likelihood of confusion between the parties' marks and agreed to rebrand.

12.     Defendant requested additional time to effectuate the name change due to administrative delays related to signage approval from the City of Georgetown's Historic District.

13.     Based on the Defendant's representations regarding the City's approval process, Plaintiff agreed to allow up to 12 months to complete the rebranding.

14.     The 12-month window was not a grace period permitting Defendant to continue infringing without action; it was a performance period requiring Defendant to begin the rebranding process promptly and act in good faith.  In a September 18, 2025 letter to Defendant's counsel in which the 12-month window was agreed to, Plaintiff's counsel expressly advised Defendant that the 12-month rebranding window was conditioned on Defendant "acting in good faith to diligently effectuate the name change," and warned that failure to do so would result in Plaintiff exercising "any and all remedies provided under the law."

15.     Defendant has taken no verifiable steps toward rebranding.  Specifically, Defendant has not updated its website or social media, has not ceased using the infringing name, and has not

PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION – Page 3

provided any documentation of good-faith efforts despite Plaintiff's request on January 23, 2026 for Defendant to do so.

16.     Defendant continues to use the Juniper GTX name and confusingly similar branding, causing ongoing consumer confusion and irreparable harm to Plaintiff's goodwill. Since Defendant began operating under the "Juniper GTX" name, consumers have expressed confusion regarding whether Defendant's restaurant is affiliated with or operated by Plaintiff. Defendant's own acknowledgment of likely confusion further confirms the existence of actual confusion.

## IV.
## CAUSES OF ACTION

### COUNT 1 — False Designation of Origin / Unfair Competition (15 U.S.C. § 1125(a))

17.     Plaintiff owns protectable common-law rights in the Juniper mark, which has been used continuously since 2015 in connection with restaurant services in Central Texas.

18.     Defendant's use of the name "Juniper GTX" in connection with identical restaurant services is likely to cause confusion, mistake, or deception among consumers as to the affiliation, connection, or association between the parties.

19.     Multiple likelihood-of-confusion factors support Plaintiff's claim, including:

(a) **Similarity of the marks**: Defendant uses the identical dominant term "Juniper," with similar font, styling, and presentation.

(b) **Similarity of the services**: Both parties operate restaurants offering food and beverage services.

PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION – Page 4

(c) **Similarity of trade channels:** Both parties market to the same geographic region and customer base in Central Texas.

(d) **Actual confusion:** Defendant acknowledged the likelihood of confusion through counsel and agreed to rebrand.

(e) **Defendant's intent:** Defendant adopted and continued using the mark after notice, demonstrating willfulness.

20.     Defendant's continued use of the infringing name after receiving notice of Plaintiff's rights, after acknowledging the likelihood of confusion, and after agreeing to rebrand constitutes willful infringement.

21.     Defendant's conduct constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

### COUNT 2 — Common-Law Trademark Infringement (Texas)

22.     Plaintiff owns valid and enforceable common-law trademark rights in the Juniper mark through continuous use since 2015.

23.     Defendant's unauthorized use of the confusingly similar name "Juniper GTX" in connection with identical restaurant services is likely to cause consumer confusion and has caused actual confusion.

24.     Defendant's continued use of the infringing name after notice has damaged Plaintiff's goodwill, diluted the distinctiveness of the Juniper mark, and diverted customers who mistakenly believe Defendant's restaurant is affiliated with Plaintiff.

25.     Defendant's conduct constitutes trademark infringement under Texas common law.

## COUNT 3 — Breach of Contract

26.     Plaintiff and Defendant entered into an agreement in September 2025 under which Defendant agreed to cease using the "Juniper GTX" name and to rebrand.

27.     Plaintiff agreed to extend the rebranding deadline to 12 months based solely on Defendant's representation that the City of Georgetown's historic signage approval process required additional time.

28.     Plaintiff's September 18, 2025 letter expressly conditioned the 12-month window on Defendant "acting in good faith to diligently effectuate the name change," and warned that failure to do so would result in Plaintiff exercising "any and all remedies provided under the law."

29.     Nevertheless, Defendant failed to act in good faith and failed to diligently pursue the rebranding process.  Defendant did not provide documentation of progress, did not update online branding, and did not begin performance despite Plaintiff's January 23, 2026 request for a status update.

30.     Defendant's failure to begin performance and failure to act in good faith constitute a breach of the agreement.

31.     As a result of Defendant's breach, Plaintiff has suffered ongoing harm to its goodwill and brand.

## COUNT 4 — Promissory Estoppel (in the alternative)

PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION – Page 6

32.     Defendant, through counsel, made a clear and definite promise to rebrand and cease using the "Juniper GTX" name.

33.     Defendant reasonably expected Plaintiff to rely on that promise, and Plaintiff did rely on it by refraining from filing suit and by granting Defendant additional time to complete the rebranding.

34.     Plaintiff's reliance was substantial and foreseeable.

35.     Defendant failed to perform the promised rebranding and failed to act in good faith to begin the process.

36.     Injustice can only be avoided by enforcing Defendant's promise and granting Plaintiff the relief sought.

V.
**APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

37.     Defendant's continued use of the infringing name is causing immediate and irreparable harm to Plaintiff's goodwill and brand.

38.     Plaintiff has suffered, and will continue to suffer, irreparable harm because Defendant's continued use of the infringing name deprives Plaintiff of control over its reputation, causes loss of goodwill, creates ongoing consumer confusion, and damages the distinctiveness of the Juniper mark. These injuries cannot be adequately compensated by monetary damages.

39.     Defendant's failure to begin the rebranding process demonstrates bad faith.

40.    A deadline is irrelevant when the obligated party refuses to begin performance.

41.    Plaintiff has a substantial likelihood of success on the merits.

42.    The balance of equities favors Plaintiff.

43.    The public interest favors preventing consumer confusion.

44.    Plaintiff therefore requests that the Court restrain Defendant from:

(a) Using the name "Juniper GTX" or any confusingly similar name;

(b) Using any branding, font, or logo similar to Plaintiff's Juniper branding;

(c) Operating websites or social media accounts under the infringing name; and

(d) Advertising or promoting the infringing name.

45.    Plaintiff is prepared to post a bond.

## VI.

## <u>ATTORNEYS' FEES</u>

46.    Plaintiff seeks attorneys' fees under the Lanham Act and applicable Texas law.

## VII.
## <u>PRAYER</u>

WHEREFORE, Plaintiff respectfully requests:

1.    A Temporary Restraining Order;

2.    A Preliminary and Permanent Injunction;

3.    Actual damages;

4.    Disgorgement of Defendant's profits;

5.      Attorney's fees.

6.      Costs of suit.

7.      All other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

CLEMENTS LEGAL SERVICES, P.C.

By: _/s/ Jim Clements_
     Jim Clements
     State Bar No. 00787251

     9442 Capital of Texas Highway North
     Arboretum Plaza One, Suite 500
     Austin, Texas 78759
     Tel.:  (512) 478-4489
     Fax:  (512) 961-3281
     jim@clementsfirm.com

**ATTORNEY FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION – Page 9